Schoble *v.* Schoble, Appellant.

Argued April 10, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

Lloyd J. *Schumacker*, of *Souser, Schumacker & Taylor*, with him *John E. Flynn* and *High, Dettra & Swartz*, for appellant.

*Thomas S. Lanard*, with him *Monroe H. Anders*, for appellee.

OPINION BY MR. JUSTICE PATTERSON, May 22, 1944:

Ralph T. Schoble, appellee, brings this bill in equity to revoke a separation agreement entered into between himself and Helen Bisbee Schoble, his wife, appellant, averring "fraud perpetrated upon him by the unfair, inequitable, and unconscionable agreement, which [appellant] through her attorney, persuaded [appellee] to enter into." Appeal is taken from the decree of the court below declaring said agreement void and of no effect.

The parties were married December 28, 1926, and have two daughters, fourteen and twelve years of age. They separated in March of 1939, at which time the agreement in question was executed. By its terms appellee acknowledged an indebtedness of $11,293.48 to his wife, evidenced by a note held by her; transferred to her stock worth $7,637.56 and assigned life insurance with a cash surrender value of $1,761 on account of said debt; assigned his right to receive the income of $3,500 from an inter vivos trust, created for him by his mother, and agreed to pay her one-half of his salary for support of herself and children; upon the termination of the $3,500 annual payments, to pay to her one-fourth of his income, or $100 per month, whichever was greater, together with one-eighth of his income, or $50 per month,

whichever was greater, for the support of the children; agreed to convey premises in Lower Merion Township to appellant, subject to an existing mortgage, as collateral to further secure the balance of the debt; assigned two-thirds of the remainder interest in the inter vivos trust, subject to prior consumption by his mother; agreed to establish a trust for his children of one-half of his expected inheritance from his mother; and relinquished all interest in and to his wife's estate. Upon payment of his debt, she agreed to satisfy a mortgage she held against him for $6,000.

Robert B. Ely, 3rd, Esq., a personal friend of both parties, represented appellant at the time the agreement was drawn. At the time of the agreement Schoble was 38 years of age, had attended the University of Pennsylvania for one and one-half years, and was secretary of Schoble Hats, Inc., drawing a salary of $45 per week. He was informed by Attorney Ely that he represented Mrs. Schoble only, and was urged by him to secure his own counsel. The agreement was consummated and its provisions performed by the parties from the date of execution until January 2, 1941, when appellee defaulted. In September of 1940, the parties became reconciled and executed a confirmatory agreement providing that the orginal agreement should remain in full force and effect, unaffected by the reconciliation. They again separated on January 2, 1941. This appeal is from the decree of the court below declaring appellant a trustee, for the benefit of appellee, of his stocks and insurance policies, with the proviso that the proceeds thereof be applied to the payment of any money due her, and declaring void the separation and the confirmatory agreements.

The court below stated: "The extreme unfairness of the agreement, the circumstances under which it, and the confirmatory agreement were signed, the apparent domination of the plaintiff by the defendant and her advisors, amounts, in our opinion, to constructive fraud, and should be relieved against." Fundamentally, this is the basis for its decree. There is no contention here that

appellee did not know the significance of the terms of the agreement by which he bound himself. The testimony shows that he had ample opportunity to read and consider each provision. "A written contractual obligation may not be nullified because a party who signs it recklessly, and in complete disregard of his own interests and the rights of others, refuses to take the common precaution of reading what is plainly written on the instrument before him": *Berardini v. Kay*, 326 Pa. 481, 486. The agreement in question is not couched in such fineness of terminology that appellee can successfully contend that he could not understand the meaning of the written words.

The evidence is insufficient to conclude that appellee executed the agreement as a result of undue influence, and he does not even suggest that he was incompetent to execute the same. A party who seeks to strike down his solemn written obligation must present evidence which is clear, precise, and indubitable: *Certelli v. Braum*, 294 Pa. 488, 489; *Philadelphia F. and Equip. Corp. v. Carroll*, 126 Pa. Superior Ct. 454, 459. Appellee has not presented such evidence. His own testimony established the complete falsity of the averment of paragraph eight of the bill and the terms thereof were purely the product of his imagination.[1] His testimony with regard to the indebtedness and the execution of notes was vague and contradictory. A careful reading of the record reveals no impropriety of professional conduct on the part of Attorney Ely. Schoble was urged to secure other counsel and told by Ely that he intended to secure the best possible bargain for Mrs. Schoble. When Schoble, having been informed of these circumstances, refused to secure counsel he must be considered as having relied entirely upon his own ability and intelligence. A

---

[1] "8. The plaintiff herein was informed by the said attorney that this latter paper, 'Exhibit B' would restore to him all his rights except the money and securities actually paid over and consumed by his wife during the separation."

person of age is presumed to know the meaning of words in a contract, and if, relying upon his own ability, he enters into an agreement not to his best interests he cannot later be heard to complain that he was not acquainted with its contents and did not understand the meaning of the words used in the instrument which he signed: *First Nat. Bk. & Tr. Co. v. Shaffer*, 338 Pa. 244, 248.

Appellee had the advantages of a university education and business experience. He was fully aware of the obligations of his contract and after discharging them for a period of upwards of one and one-half years he executed a confirmatory agreement, again assuming the same obligations. Appellee has failed to prove the existence of fraud in the execution of the agreement by clear, precise and indubitable testimony. That the terms of the agreement may seem unreasonable and unfair to the complaining party does not warrant a court of equity in holding ineffective and void his solemn written obligation.

Decree reversed. Costs to be paid by appellee.