## Wright v. Wright

*Arthur K. Ridley,* for plaintiff.
*Lila F. Levy,* for defendant.

THOMSON, *J.,* May 22, 1978 — In the above matter, plaintiff, William F. Wright, Jr., petitioned the court to modify a property settlement agreement heretofore entered into between the parties. Hearing was held and testimony taken on April 17, 1978. Thereafter, briefs were filed.

Two questions are presented to the court for determination at this time: (1) Does the court have the power to modify the property settlement agreement which is the subject matter of this litigation; (2) and, if so, has plaintiff demonstrated such a change of circumstances as would make modification of such agreement appropriate. We will address ourselves to the first of these questions at this time.

Defendant contends that absent fraud, duress, or undue influence a voluntary separation and support agreement such as the one which is the subject matter of this litigation may not be modified by the court. In support of her position, defendant has cited the case of Schoble v. Schoble, 349 Pa. 408, 37 A. 2d 604 (1944). We find this case to be little sup-

port for this position. The Schoble case represented an attempt by petitioner to completely void a voluntary agreement by supposed reasons of fraud and undue influence by respondent wife and her attorney. The lower court granted petitioner's request stating that it felt that the agreement was so grossly unjust and unfair that it should be voided. The Superior Court, in rejecting this holding, stated that it would not render a voluntary agreement void due to unfairness and unreasonableness absent a showing of undue influence, duress, or fraud. The court further concluded that the evidence was to the contrary in that case.

The precise question now before the court does not seem to have been directly dealt with by the appellate courts of Pennsylvania. However, a number of cases cited by plaintiff give us some insight into this matter. For example, the case of Com. ex rel. Colligan v. Kass, 225 Pa. Superior Ct. 299, 303 A. 2d 225 (1973), involved a voluntary property settlement entered into in 1961. A court order of support was thereafter entered into in 1967, which was modified upon a petition to increase such support in 1969. The Superior Court held that the father was bound by the terms of this agreement in contemplation of divorce to provide support for his children until they reached the age of 21. It further held that the court order fixing the amount of support merely modified the terms of the original agreement and did not supersede it. From this holding, we infer that the court may alter the terms of a support agreement so far as the amount of support to be paid without abrogating the original agreement. This is consistent with the well-established rule in Pennsylvania that an order of

support is never final and conclusive, but is always subject to modification based on changed circumstances of the parties involved: Hecht v. Hecht, 189 Pa. Superior Ct. 276, 150 A. 2d 139 (1959).

Having reached the conclusion that it is within our power to modify the agreement of the parties as to the support of the children, it is now our duty to decide if the facts and circumstances of this case warrant such a decrease. Defendant herein has presented a motion to reopen testimony, apparently based on after-acquired evidence including acquisition of new assets and transfer of assets by plaintiff to others. We feel that under the circumstances such testimony would be useful to the court in making its determination, and in fairness to both parties, we will grant this request of defendant, and enter the following

## ORDER

And now, May 22, 1978, the request of defendant to reopen testimony in the above matter is granted. Hearing is set for June 19, 1978, at 2:30 p.m. in the courthouse, Milford, Pennsylvania, with leave given to defendant to present such testimony as would be relevant to the alleged facts set forth in her petition to reopen testimony. Meanwhile, the separation and support agreement heretofore entered into by the parties dated February 22, 1977, is to remain in full force and effect, with the court reserving the right to modify the said agreement retroactively to the time of the initial hearing on this matter, if deemed appropriate by the court.