In Re: Challenge to the Validity of Warren Borough Zoning Ordinance No. 1127 by Bernard J. Hessley. Bernard J. Hessley, Appellant.

Argued October 30, 1978, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Bernard J. Hessley,* for appellant.

*John P. Edgar,* with him *Alan A. Garfinkel,* and *Berkman, Ruslander, Pohl, Lieber & Engel,* for appellee.

Opinion by Judge Crumlish, Jr., April 24, 1979:

On June 14, 1977, at the request of the Warren General Hospital (Hospital) and upon recommendation of the Warren Borough Planning Commission, the zoning ordinance of the Borough of Warren was amended rezoning a certain area from R-2 Low Density Residence District classification to C-1 Service and Professional District classification. The effect of the rezoning was to permit Hospital to construct a physician office building adjacent to Hospital, as well as parking facilities.

We affirm in this appeal the order of the Trial Court which refused proffered evidence on the underlying merits of the appeal and that offered in support of Bernard J. Hessley's inability to post an Appeal Bond.

A challenge was filed to an amendment to the Borough Zoning Ordinance by Bernard J. Hessley, Appellant, on the ground that the amendment constitutes illegal spot zoning. Hospital petitioned the Warren County Branch, Court of Common Pleas under Section 916 of the Pennsylvania Municipalities Planning Code (MPC)[1] to require Hessley to post a bond as a condition to continuing his challenge to the ordinance.[2] On November 15, 1977, the Honorable ROBERT L. WOLFE considered only evidence regarding the damages that would be incurred in delays caused by the litigation. Hessley, pro se, sought to offer testimony on the merits of the appeal. Specifically, he made an offer of proof that the amendment to the zoning ordinance is unconstitutional as spot zoning and an offer of proof that he lacked the financial inability to post an appeal bond.[3]

Following the hearing of November 15, the court entered an order directing Hessley to post a $24,000 bond for the six-month period commencing November 15, 1977, to be followed by posting a like bond for each succeeding six-month period thereafter during the pendency of the zoning appeal. Appellant then filed a petition for reconsideration of the November 15 order. It was denied on November 23, 1977. Appellant was granted 15 days from November 15 to file the bond. He did not post the required bond, and then filed a praecipe with the prothonotary of the Trial Court to enter final judgment, so that there would be an appeal-

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10916.

[2] Whether or not the petition for bond is granted as well as the amount of such bond is left to the sound discretion of this Court.

[3] The court below refused to consider the proffered evidence on the basis of this Court's decisions in *Hercek v. Whitehall Township Zoning Hearing Board*, 20 Pa. Commonwealth Ct. 509, 342 A.2d 127 (1975), and *Driscoll v. Plymouth Township*, 13 Pa. Commonwealth Ct. 404, 320 A.2d 444 (1974).

able order under Pa. R.A.P. No. 301(c). It is from the entry of this judgment that Appellant appeals to this Court.[4]

Hessley contends that Section 916 of the MPC as it existed at the time of the bond hearing violated the due process clause of the Pennsylvania Constitution as well as the due process and equal protection clauses contained in the 14th Amendment of the United States Constitution.[5] Specifically, he asserts that the bond provisions of Section 916 deny a would-be appellant who cannot afford to post a bond the right to be heard on appeal in violation of Article I, Section 11 of The Pennsylvania Constitution and the 14th Amendment to the United States Constitution. He further asserts

---

[4] Appellee Hospital has filed a motion that this appeal should be quashed as untimely filed under Pa. R.A.P. 903 since it was not filed within 30 days after the entry on the docket of either the November 15 or November 23 orders. However, the initial order of the court below which required the posting of bonds and the subsequent order denying reconsideration of the prior order were both interlocutory and not final orders. *See In Re: Appeal of Gilbert*, 34 Pa. Commonwealth Ct. 299, 383 A.2d 556 (1978), and comments to Pa. R.A.P. 301(c). Appellant properly filed a praecipe with the prothonotary in order to obtain a final judgment appealable to this Court. Accordingly, Appellee Hospital's motion to quash is hereby dismissed.

[5] On September 28, 1978, more than ten months after the trial court's determination that bond would be required in this case, the legislature enacted Act No. 150 which limited the bond requirement to cases where the court determines the appeal is frivolous and for the purpose of delay. In so acting, the legislature amended the former Section 916 to permit evidence to be introduced which goes to the underlying merits of the appeal. In light of the basic precept of statutory construction that no statute shall be construed to be retroactive unless clearly and manifestly so intended by the legislature, Statutory Construction Act of 1972, 1 Pa.C.S. §1926, we will not give the new act retroactive effect; to give such effect would be to require an already completed stage of the litigation to be repeated causing further delays, a result clearly not intended by the legislature.

that Section 916 violates the Equal Protection Clause of the 14th Amendment insofar as it categorizes prospective appellants into those who can and those who cannot afford to post bond, *i.e.,* discrimination on the basis of wealth. While he recognizes that this Court has recently considered similar constitutional attacks on Section 916 and found that the statutory provisions herein challenged do not violate due process or equal protection of the law, he would have us reconsider those decisions and remand for consideration of the merits of the appeal before ordering a bond be posted as well as a determination of his financial ability to post the bond. This we decline because the Trial Court properly followed the legislative mandate of Section 916 of the MPC as it was then written and interpreted by this Court. In its hearing the court below properly limited itself to a consideration of the amount of damages to be incurred by Hospital as a result of the delay in the proposed construction and correctly excluded from the hearing Appellant's proof concerning the underlying merits of the zoning appeal.

While Section 916 provides that whether or not the petition for bond should be granted and the amount of such bond rests in the sound discretion of the court, we held in *Hercek, supra,* that the court's inquiry is limited to a determination of the reasonably anticipated damages a landowner will suffer as a result of the delay caused by the appeal. We specifically held that the issues of the underlying merits of the appeal and protestant's financial ability to post bond were beyond the purview and scope of the immediate issue before the court in bond hearing under Section 916. Such evidence is irrelevant to the purpose of the hearing which is solely to determine the amount of damages which can reasonably be anticipated as a result of the delay. Review of the record tells us that the court below followed precisely the mandate of Section 916 as inter-

216

preted by this Court and that the amount of the bonds required to be filed by Appellant are based upon competent evidence on the issue of the cost of delay to be incurred by Hospital.

Accordingly, we

ORDER

AND NOW, this 24th day of April, 1979, the decision and order of the Court of Common Pleas of the 37th Judicial District, Warren County Branch, is hereby affirmed.