S. D. Richman Sons, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Board of Finance and Revenue, Respondent.

Argued June 2, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Bernard Eizen, Pelino & Lentz,* P.C., for petitioner.

*Robert Patrick Coyne,* Deputy Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, July 18, 1980:

The only issue raised on this appeal is whether the amendment adding paragraph number 14 to Section 602(c) of the Tax Reform Code of 1971[1] (Code), 72 P.S. §7602(c), is to be applied prospectively or retroactively from its effective date, July 20, 1974.[2] For the reasons which follow, we hold that it is to be applied prospectively only.

The facts, as stipulated by the parties, may be stated briefly. S. D. Richman Sons, Inc. (Petitioner) is a Pennsylvania corporation engaged in the business of salvaging, recycling, and reprocessing various metal products. Petitioner timely filed its Pennsylvania Corporate Tax Report for its fiscal year ending September 30, 1974. The Capital Stock Tax Return filed by Petitioner indicated a valuation of "None."[3] This valuation

---

[1] Act of March 4, 1971, P.L. 6, *as amended.* The pertinent amendment to Section 602(c) was added by Section 1 of the Act of July 20, 1974, P.L. 542.

[2] Were we to hold that the amendment should be applied retroactively, its earliest effective date would be July 21, 1973.

[3] The capital stock tax is an annual tax on the capital of a corporation. *Stenton Gardens, Inc. v. Commonwealth,* 12 Pa. Commonwealth Ct. 465, 471, 314 A.2d 549, 552 (1974).

was based on Petitioner's belief that it was exempt from paying a capital stock tax for the entire fiscal year because of the exemption to the tax provided by Sections 602(a) and (c) of the Code, 72 P.S. §§7602(a) and (c).[4] Following receipt of Petitioner's tax return, the Commonwealth taxing authorities settled the taxable value of Petitioner's capital stock at $2.5 million and fixed Petitioner's tax due and owing at $25,000. Petitioner filed a Petition for Resettlement with the Resettlement Board (Board). The Board, pursuant to Section 602(c)(14), granted Petitioner partial relief by exempting it from capital stock tax from July 20, 1974, the effective date of the amendment, to September 30, 1974, the close of Petitioner's fiscal year. The Board disallowed the exemption for that portion of Petitioner's fiscal year preceding the effective date of the amendment. Petitioner then filed a Petition for Review with the Board of Finance and Revenue. The Board of Finance and Revenue affirmed the decision of the Resettlement Board and the case is now before us for disposition.

It is undisputed by the parties that Petitioner was eligible for the processing exemption on and after July 20, 1974. Petitioner continues to assert, however, that it was also entitled to the exemption for October 1, 1973 through July 19, 1974, inclusive. The Commonwealth argues that it was not so entitled.

The law of the Commonwealth is clear that statutory provisions granting taxpayers exemptions from taxation are to be construed strictly. *Com-*

---

[4] Section 602(a) provides that domestic corporations (with exceptions not herein relevant) shall pay an annual tax on the actual value of its capital stock. The section exempts from taxation corporations organized for manufacturing, processing, research, or development purposes. Section 602(c)(14) includes within its definition of "processing" salvaging, recycling, or reclaiming used materials to be recycled into a manufacturing process.

*monwealth v. Deitch Co.*, 449 Pa. 88, 95, 295 A.2d 834, 838 (1972); *Chrysel Corp. v. Commonwealth*, 6 Pa. Commonwealth Ct. 368, 372, 295 A.2d 624, 626 (1972); Section 1928(b)(5) of the Statutory Construction Act of 1972 (Act), 1 Pa. C.S. §1928(b)(5). The law is also clear that a statute will be construed prospectively only unless the legislature manifests a clear and unambiguous intent that it should be applied retroactively. *See Farmers National Bank and Trust Co. of Reading v. Berks County Real Estate Co.* 333 Pa. 390, 393, 5 A.2d 94, 95 (1939); *Lansing v. Department of Public Welfare,* 49 Pa. Commonwealth Ct. 287, 293, 410 A.2d 982, 985 (1980); Section 1926 of the Act, 1 Pa. C.S. §1926. When the words of a statute are free and clear of ambiguity, we must ascertain and give effect to the legislative intent expressed in the language of the statute. *Axe Science Corp. Tax Appeal,* 6 Pa. Commonwealth Ct. 103, 109, 293 A.2d 617, 621 (1972). *See also Woolworth Co. v. Pittsburgh,* 2 Pa. Commonwealth Ct. 338, 284 A.2d 143 (1971).

The issue of whether Petitioner is exempt from paying capital stock tax for all of its 1973-74 fiscal year or only for that portion postdating July 20, 1974 rests upon our interpretation of Section 2 of the Act of July 20, 1974 which reads "This act shall take effect immediately." On its face, there seems to be no question that the statutory exemption is to apply only on and after July 20, 1974. Petitioner, however, draws our attention to a number of taxing statutes which specifically provide for future or past apportionment of taxes and argues that if the Section 602(c)(14) exemption were to be apportioned pre- and post-July 20, 1974, the legislature would have so provided. Rather, Petitioner argues, the amendment is to apply to the entirety of any fiscal year ending after July 20, 1974. Since its fiscal year ended on September 30, 1974,

Petitioner contends that the exemption, on the facts of this case, would apply retroactively to October 1, 1973.

Contrary to Petitioner's position on the failure of the legislature to mandate apportionment of the exemption, we find such a failure to indicate clearly that the exemption was not meant to be applied retroactively. As our Supreme Court noted in *Commonwealth v. Repplier Coal Co.*, 348 Pa. 372, 381, 383, 35 A.2d 319, 324, 325 (1944), the legislature knows well how to provide that a statute should be applied retrospectively[5] or prospectively and "There is no single sentence in [the Act of July 20, 1974] which indicates any retroactive effect...." We also are not persuaded that the method used here in assessing tax against Petitioner amounted to an apportionment. Rather, Section 602(c)(14) provided Petitioner with an exemption *beginning on* July 20, 1974. Petitioner was never entitled to an exemption before that date and did not become entitled to one before that date because of the act. Finally, on this point, we note that although an amendment to a statute is to be construed as merging into and becoming a part of the original statute and is to be read and viewed as one with the original statute, it still is to be construed as effective only *from the date when the amendment became effective.* Section 1953 of the Act, 1 Pa. C.S. §1953.

---

[5] *See, e.g.,* Section 4 of the Act of July 1, 1978, P.L. 594, amending Section 602 of the Code which provides that "This act shall take effect immediately and the provisions of section 2 relating to amendments to subsections (a) and (b) of section 602 shall be retroactive to August 31, 1971," and Section 2 of the Act of July 20, 1974, P.L. 563 amending Section 201 of the Code, 72 P.S. §7201, which provides that "This act shall take effect immediately and shall be retroactive to March 4, 1971." This latter example is especially illustrative since it was enacted by the same legislature which enacted the amendment at issue here.

We also disagree with Petitioner's argument that the exemptions available to a taxpayer on its tax valuation date should be construed as having been available throughout its entire fiscal year. The capital stock tax is an "accrual" tax, that is a tax for which liability arises on the first day of the tax period and continues until the end. *Commonwealth v. Repplier Coal Co.* at 385, 35 A.2d at 325. *See also, Commonwealth v. Gulf Oil Corp.*, 359 Pa. 583, 60 A.2d 46 (1948); *Stenton Gardens, Inc. v. Commonwealth*, 12 Pa. Commonwealth Ct. 465, 471, 314 A.2d 549, 552 (1974). The amount of tax due, in the case of an accrual tax, "may be affected by many things occurring during the [tax] period. Until the tax period is closed it is not possible to compute the tax, but the liability for it exists." *Commonwealth v. Repplier Coal Co.* at 385, 35 A.2d at 325. Therefore, corporate assets owned at the end of a fiscal year but acquired during the year may not be included in the tax valuation at their full value. Instead, the value must be apportioned according to the period during which the assets were owned. *Stenton Gardens, Inc. v. Commonwealth* at 471, 314 A.2d at 552. Likewise, assets owned at the beginning of the valuation period but disposed of before the end of the period are valued proportionately to the time during which they were held. *Id.*

The order of the Resettlement Board affirmed by the Board of Finance and Revenue is entirely consistent with the law of the Commonwealth. Petitioner's valuation period for the taxes here at issue began on October 1, 1973. From that date until July 19, 1974, Petitioner was subject to capital stock taxes. On July 20, 1974, it became exempt from the tax because of its manufacturing processes and it remained exempt until the close of its tax year, September 30, 1974. Petitioner has properly been assessed capital stock taxes for the former period and has properly not been assessed for the latter.

The order of the Board of Finance and Revenue is affirmed. Judgment will be entered in accord with paragraph 11 of the Stipulation of Facts.

### ORDER

AND Now, this 18th day of July, 1980, the order of the Board of Finance and Revenue, Docket No. R-1668, dated August 31, 1976, unless exceptions are filed within 30 days, is affirmed. Judgment is entered in favor of the Commonwealth and against S. D. Richman Sons, Inc. in the sum of $20,626.80. Upon payment of docket costs by the taxpayer, the judgment shall be marked "Satisfied."