ACKER, P.J.,
Pursuant to a petition of plaintiff, Linda R. Bires, we entered a rule to show cause upon defendant, Theodore J. Stefanak Jr., as to the following matters:
(1) A request to enter judgment in favor of plaintiff and against defendant in the amount of $32,000, plus alimony to the date of the entry of the order;
(2) To award interest on unpaid installments of monies owing upon a marital agreement made and entered between the parties on December 4, 1983;
(3) To award counsel fees and costs against defendant;
(4) To attach defendant’s wages;
(5) To find defendant in contempt;.
(6) Any and all other relief which the court may deem necessary, including but not limited to, such relief as is granted by 23 P.S. §401(k).[1]
*546 To the petition was filed an “answer to petition with new matter.” By the answer defendant admits that the parties were formerly husband and wife, and were divorced in the Court of Common Pleas of Mercer County on March 29, 1984, at this number and term. Further, defendant admits that on December 9, 1983, the parties entered into a property settlement and separation agreement incident to the divorce action which is attached as exhibit 1 to the petition.
Paragraph 7 of the answer admits the allegations of paragraph 7 of the petition as to monies paid pursuant to the agreement. The total amount originally owing was $50,000 which has now been reduced to $32,000.
Paragraph 8 of the answer incorporates paragraph 7 of the agreement to the effect that defendant by the agreement is obligated to continue to pay his wife $115 per week until the balance is paid in full. This balance is calculated by plaintiff as $32,000 together with interest.
Paragraph 11 of the answer is pursuant to paragraph 12 of the agreement of the parties whereby defendant was to not change his beneficiaries on his life insurance policy. Plaintiff has demanded proof from defendant that she is the named beneficiary, but it is alleged defendant has refused such proof.
In addition to the payment of $115 per week until the $32,000 is paid in full, it is contended in count III of the petition pursuant to paragraph 10 of the agreement that defendant was to pay alimony in the amount of $30 per week until the wife received a *547 total of $20,000. It is alleged, that she has received $18,000, and that, therefore, there is an obligation to continue to pay.
By new matter, defendant alleges in paragraph 16 that because the separation agreement was not incorporated into the divorce decree, that section 401. l(k) of 23 Pa.C.S. is not applicable. Paragraphs 17, 18, and 19 of defendant’s new matter deal with equitable reasons why defendant should not be required to fulfill his commitments under the agreement.
By paragraph 17 of the answer, it is alleged that defendant’s employer filed for bankruptcy, that defendant began his own business which has failed to support him and that, therefore, his non-payment is not willful. It is claimed that plaintiff advised defendant that she was cohabiting with a member of the opposite sex, which pursuant to paragraph 10 of the agreement, relieves him of the obligation of paying alimony.
By paragraph 19, it is claimed that defendant was suffering from a personality disorder at the time of the execution of the contract and was under the care of a medical doctor, and therefore, the contract is not binding upon him.
Finally, it is contended that defendant entered into the agreement involuntarily and without advice of counsel.
Testimony was taken at several hearings concerning all of these contentions.
DISCUSSION
Defendant first asserts that this court is without subject matter jurisdiction. The action is based upon an agreement of the parties of December 9, 1983. Paragraph 6 of that agreement provides that if either party breaches any provision of the agree *548 ment, the other party shall have the right at his or her election to sue for damages, and the party breaching the contract shall be responsible for payment of reasonable legal fees to be determined by the court as required in the enforcing of the parties’ rights under the agreement, or seek such other remedies for relief as may be available to him or her.
Paragraph 18 provides that the agreement may be submitted to a Pennsylvania court of appropriate jurisdiction in an action for the divorce for its approval and for inclusion as part of the decree granting the divorce. Unfortunately, there was no request that the agreement be included in the divorce decree which was entered on March 29, 1984.
Paragraph 21b of the agreement states that damages:
“[S]hall included [sic] any claim, action, demand, loss, cost, expense, liability (joint or several), penalty, and other damage including without limitation, counsel fees and other costs and expenses reasonably incurred in investigating or attempting to avoid the same or oppose the imposition thereof or in enforcing this indemnity, resulting to husband or wife from (1) any inaccurate representation made by or on behalf of either husband and wife to the other in or pursuant to this agreement; (2) breach of any of the warranties made by or on behalf of the husband or wife in or pursuant to this agreement; (3) breach or default in the performance by husband or wife of any of the obligations to be performed by such party hereunder.”
Paragraph 26 of the agreement provides that in the event of a breach, the other party has the right at his or her election to sue for damages for the breach. The party breaching the contract is to be responsible for paying the legal fees and costs incurred by the other in enforcing their rights under *549 the agreement, or such other remedies or relief as may be available to him or her.
Although plaintiff has asserted her rights in a petition, rather than a complaint as contemplated by Pa.R.C.P. 1920.13, defendant has raised no objection. Indeed defendant has filed a responsive answer. The basis of lack of jurisdiction asserted in the answer is that plaintiff attempts to force, pursuant to section 401. l(k) of the Divorce Code, a property settlement of December 9, 1983, as a basis for recovery when the same was neither merged nor incorporated into the divorce decree. The assertion, therefore, is that this court lacks jurisdiction to enforce the agreement because section 401. l(k) of the Divorce Code had not been enacted by the legislature until after the agreement and divorce, and is not retroactive.
Questions of jurisdiction are to be raised by Pa.R.C.P. 1017(b)(1). However, questions of lack of jurisdiction are never waived in the trial court. Marcus v. Diulus, 242 Pa. Super. 151, 363 A.2d 1205 (1976). It would appear, therefore, that at the worst, plaintiff has asserted her cause of action as one in divorce instead of other alternatives, such as an action at law or in equity. Although not so labeled, defendant is in effect asking that we strike off the pleadings. Such can occur, however, under Pa.R.C.P. 1017(b)(2) only for lack of conformity to law or rule of court, or the inclusion of scandalous or impertinent matter. Obviously, the latter has not been alleged.
If preliminary objections had been filed as would be proper attacking jurisdiction over the subject matter, a motion to strike would be improper for a motion to strike cannot be used to attack the relief sought in a complaint. If, for example, plaintiff demands equitable relief by means of an injunction *550 in a complaint in assumpsit, the demand may be treated as mere surplusage, but the complaint will not be dismissed as defective. Society Hill Towers Tenants Association v. Society Hill Development Inc., 75 D.&C. 2d 101 (1976).
By analogy from summary judgment actions, if there is a possible theory under which the complaint might be self-sustaining, leave to amend should be granted to enable plaintiff to conform her pleadings to that theory. The dismissal of an action can be only where the case is clear and free from doubt. Legman v. School District of the City of Scranton, 432 Pa. 342, 247 A.2d 566 (1968). It cannot be properly contended that there is no cause of action arising from alleged violations of the property settlement and separation agreement of the parties.
Finally, by Pa.R.C.P. 1033 a party by leave of court may at any time change the form of action.
We do not accept defendant’s contention that section 401.1 of Act 13 is not retroactive and cannot be used as the basis for requesting a contempt citation in this case.[2]
We agree with defendant that there is no reported appellate or lower court decision directly on point. Section 401.1 to our knowledge has not been judicially construed by any appellate court although it has been referred to by two footnotes in one case. Sonder v. Sonder, 378 Pa. Super. 474, 549 A.2d 155 (1988).[3]
*551 The second reference by footnote is contained in the concurring and dissenting opinion by Beck, ]., Id.[4]
In determining retroactivity, we commence with *552 the Statutory Construction Act, 1 Pa.C.S. §1926 which creates a presumption against retroactive effect of a statute unless the statute clearly and manifestly was so intended by the General Assembly. This basic precept of statutory construction has been applied by our appellate courts. In re Warren Borough Zoning Ordinance no. 1127, Appeal of Bernard J. Hessley, 42 Pa. Commw. 211, 401 A.2d 383 (1979). In Green v. Pennsylvania Public Utility Commission, 81 Pa. Commw. 55, 473 A.2d 209 (1984); aff'd 507 Pa. 430, 490 A.2d 806 (1985), it was held in construing a statute that even language that a new statute shall take effect immediately and shall be applicable to all proceedings pending before the Public Utility Commission and the courts at this time was not enough to demonstrate an intent for the act to be applied retroactively. “Immediately” was held to mean under the act “prospective only.”
The preamble of Act no. 1988-13 is that it is an amending act to the Act of April 2, 1980 P.L. 63. Rules for construction of amendatory statutes are set forth in 1 Pa.C.S. § 1953. The new provisions are deemed to be construed as effective only from the date when the amendment became effective. Even though the statute may be deemed to merge into and become part of the original statute and to be read and viewed as one with original statute, it nevertheless is to be construed as effective only from the date when the amendment became effective. S.D. Richman Sons Inc. v. Commonwealth, Board of Finance and Review, 53 Pa. Commw. 110, 416 A.2d 1161 (1980). Therefore, we hold that section 401.1, 23 Pa.C.S. is prospective only.
This ruling does not deny plaintiff the opportunity to proceed in our courts. Indeed, such was contemplated by paragraph 6 in the agreement. It provides that in the event of a breach, either party may sue *553 for damages or seek other such remedies or relief as may be available to him or her. The divorce agreement recites that a divorce action has been filed at the number and term of this action.
The proper remedy to enforce separation agreements is an action in assumpsit, but family court divisions have all the powers that can be exercised by a court of common pleas. Further, when there is a support action pending in family court, that court has the authority to review both the assumpsit action and the support agreement. Magee v. Magee, 360 Pa. Super. 66, 519 A.2d 994 (1987). This case does not have a support agreement, but does have a provision for payment of alimony pursuant to paragraph 10 of the agreement. The rule to show cause requests the payment of the alimony owing to date. Therefore, we conclude that the action is properly before this court in its Domestic Relations Division.
We further conclude that this agreement neither merged nor was incorporated into the divorce decree. Due to the failure to incorporate and preserve the same in the decree in divorce, defendant cannot be held in contempt of court for no valid judgment, ordering defendant to do any of the things for which it is claimed he failed to do, was entered. Plaintiff can, of course, proceed as if the action was properly filed in assumpsit in an effort to obtain a verdict and/or decree both for money damages and for such equitable relief as may be warranted following the receipt of testimony.
Finally, as to the contentions raised by new matter by defendant, the defendant withdrew the contention that he did not have adequate mental capacity at the time of the execution of the 1983 agreement to comprehend and understand that which he was doing. Defendant also contends that he did not have counsel at the execution of the agreement. That fact *554 alone is inadequate to upset an otherwise valid agreement. Schoble v. Schoble, 349 Pa. 408, 37 A.2d 604 (1944). Nor is the contention that defendant’s employer went into bankruptcy leaving him without employment a valid defense. There was adequate evidence to show that defendant was competent in his trade, was able to secure other employment and did set up his own business. But further, the failure to pay the contractual obligation is not conditioned upon defendant securing employment. Those are matters which must be calculated by defendant prior to entering into the agreement as to eventualities which may occur. He has a right to request that provision be made in the contract for such unforeseen events but failed to do so in this case.
Paragraph 10 of the agreement does provide that the obligation to pay alimony terminates in the event that plaintiff cohabits with a member of the opposite sex. There is inadequate evidence to demonstrate such conduct.
Wherefore, we enter the following
ORDER
And now, on this June 23, 1989, it is hereby ordered and decreed that the actions filed in this court by a petition and answer containing new matter shall proceed as if it was an action in assumpsit with the petition being regarded as a complaint at law and the answer and new matter as if it were an answer and new matter to a complaint filed at law. In addition, such equitable relief as warranted shall be entered after the receipt of evidence at the trial.
The rule to show cause entered is dissolved.
Upon the completion of all of the pleadings and discovery, either party may praecipe the matter for the trial list.

. Section 401(k) of Act 13 deals with the merger or incorporation *546 of an agreement between the parties into the divorce decree. It is found in the June 1988, No. 3, Purdon’s Pennsylvania Legislative Service, Session of 1988 at Page A-5 thereof.

. 23 P.S. §401.1, Purdon’s Pennsylvania Legislative Service, Session of 1988, No. 3, June 1988. The addition of section 401.1 to the Divorce Code was effective on the date of the approval of the act, being February 12,1988. The property settlement agreement to be enforced was entered into on December 9,1983. The divorce decree in which there was no reference to the agreement was entered March 29,1984.

. Footnote 5 reads, “Section 503, in order to effect payment of arrearages, permits the court to: (1) enter judgment; (2) take and *551 seize personal property and collect of rents and profits of real estate; (3) attach up to 50 percent of wages; (4) award interest on unpaid installments; (5) require security to insure future payments; (6) issue body attachment and incarceration for willful failure to comply with court order and jail for civil contempt up to six months. Judge Beck would treat the incorporated agreement as a merged agreement for purposes of enforcement but not modifiability. She alleges the authority for this is found in section 401, Decree of Court, 1980 Divorce Code because of the broad language there. The above discussion clearly delineates the extent of enforcement under varying circumstances. Contracts are enforced under assumpsit and equitable principles, court orders, pursuant to legislative authorization. Judge Beck points to the February 1,1988 amendment to the Divorce Code, Act 13, a newly added section, 401.1 as authority .for her position. To the contrary, it eliminates the confusion engendered by the use of the terms merger and incorporation and treats all agreements, whether incorporated, merged or not, the same as a court order for enforcement purposes. It eliminates modifiability, unless agreed to by the parties, as to property rights, alimony, and counsel fees, but provides; ‘(b) A provision of an agreement regarding child support, visitation or custody shall be subject to modification by the court upon a showing of changed circumstances.’ Many of the problems presented by this case are resolved by the long overdue legislation, but there still remains to be a determination whether incarceration for failure to pay on a contract action meets constitutional requirements against imprisonment for debt.”

. Footnote 2 reads, “Effective February 12, 1988, the legislature amended the Divorce Code to eliminate this confusion. Through thé addition of a new section 401.1, the substance of which is set forth below, the legislature has completely removed the significance of words like incorporate or merge when used in agreements relating to matters within the jurisdiction of the court presiding over proceedings under the Divorce Code. The power of the court to enforce and/or to modify such agreements is now settled as a matter of statutory law. The degree to which this amendment will affect pending divorce cases and agreements already executed is not an issue presented for decision in the instant case, since no party has argued that the amendment should be applied retroactively. Therefore, we must decide this case on the state of the law prior to the amendment.”