519 A.2d 994

**Joni MAGEE, Appellant,**

v.

**Richard MAGEE.**

Superior Court of Pennsylvania.

Submitted July 7, 1986.

Filed Jan. 8, 1987.

legislative action); *State v. Jones, supra* (requiring written set of uniform guidelines).

John V. Ryan, Norristown, for appellant.
Idee C. Fox, Philadelphia, for appellee.

Before WIEAND, TAMILIA and ROBERTS, JJ.

TAMILIA, Judge:

This appeal was taken by the former wife from the dismissal of an equity complaint to enforce a separation agreement.

Appellant alleges the agreement was not incorporated into the divorce decree and concerns matters agreed upon other than support of the children as the support matters were subject to court order. The court granted appellee/husband's preliminary objection, agreeing with the appellee the issues were being considered in a pending support proceeding.

The age old issue presented here is whether matters subject to a separation agreement, and overlapping with issues involving a support order, should be heard in different branches of the court. Judge John Meade determined that the issues presented by a complaint in equity were more properly issues of law to be determined in an action in assumpsit. Further, he indicated that since issues raised in the equity complaint, relating to college expenses, medical expenses and arrearages, were the same issues subject to

disposition in a concurrent proceeding before Judge Rosenwald in the Family Court, the equity action should be consolidated with the support action. He failed, however, to produce an Order to that effect and simply granted the preliminary objection and dismissed the complaint.

While no Opinion was filed by the trial court, nor did we receive a brief from appellee, the issues are clearly raised by appellant/wife and thoroughly discussed on the record during hearing on the preliminary objection.

■ While the agreement provides for its enforcement in equity, parties cannot confer jurisdiction by their own action. The proper remedy to enforce a separation agreement is an action in assumpsit. In *Hollman v. Hollman,* 347 Pa.Super. 289, 500 A.2d 837 (1985), we said:

> ... [A]greements, whether they be separation, antenuptial, postnuptial or support, are instruments of contract in which the court has no involvement. None of the elements of due process, court review and appealability are involved in agreements such as these, which are private undertakings between two parties, each having responded to the "give and take" of negotiations and bargained consideration. As such, they are governed by the law of contracts. *Steuart v. McChesney,* [498 Pa. 45, 444 A.2d 659 (1982) ], *Brown v. Hall,* [495 Pa. 635, 435 A.2d 859 (1981) ], *Litwack v. Litwack,* [289 Pa.Super. 405, 433 A.2d 514 (1981) ], *VanKirk v. VanKirk,* 336 Pa.Super. 502, 485 A.2d 1194 (1984). This means, of course, they are not modifiable unilaterally; a court cannot remake or modify such an agreement as it would be the taking of property without due process of law. Also, such an agreement is solely enforceable by an action in assumpsit. (citations omitted)....

*Id.* 347 Pa.Superior Ct. at 300, 500 A.2d at 843.

> ... Thus, it is apparent there are three types of agreements possible in Pennsylvania law: 1) separation agreements unrelated to any court involvement, 2) support agreements inherent in the support procedures and resulting in a court order incorporating an agreement (Pa.

R.C.P. 1910.11, 1910.12), and 3) voluntary alimony agreements, entered into prior to the divorce but incorporated in the divorce decree. (*See* 23 P.S. § 401, 502, 503 and Pa.R.C.P. 1920.31, allowing support proceedings, and Pa. R.C.P. 1920.52, which follow rules as to civil actions and not support).

The effect is that a separation contract is not enforceable pursuant to court procedures under the support rules or the Divorce Code; support agreement *orders* are enforceable pursuant to the support rules, and alimony agreements incorporated in a decree are enforceable through the Divorce Code. This includes in personam actions for support under 48 P.S. § 132, which are enforced by proceedings pursuant to § 1910.20–1910.23, as with other civil support actions. There is one exception in that any *order* for support, against either *husband or wife,* can be enforced by an in rem proceeding pursuant to 48 P.S. § 133, 136–141. *See Stein v. Stein,* 487 Pa. 1, 406 A.2d 1381 (1979).

*Id.* 347 Pa.Superior Ct. at 305, 500 A.2d at 845.

If the action had properly been captioned in assumpsit, the overlapping jurisdiction between the matters complained of and the proceeding in the Family Court Division on the same issue would require, for the sake of judicial economy and to avoid conflicting and unreasonable orders, that they be consolidated in one court to be determined by one judge. Since we do not have before us the record in the support proceeding, we cannot determine if there is an overlap which would require an election of remedies.

We have experienced similar, almost insoluable, difficulties with other facets of family law. *See Marinello v. Marinello,* 354 Pa.Super. 471, 512 A.2d 635 (1986) (partition and equitable distribution to be consolidated); *Gantz v. Gantz,* 338 Pa.Super. 528, 488 A.2d 17 (1985) (bifurcation in divorce and property distribution); *Hollman, supra* (jurisdiction in separation agreements). The legislative intent, derived from Article V of the Pennsylvania Constitution, establishing divisions of the court through which jurisdic-

tion shall be exercised, as reflected by the Divorce Code of 1980, 23 P.S. 101 et seq. and Pa.R.C.P. 1910 et seq., requires that we consolidate such matters whenever possible. While the Divorce Code speaks of the jurisdiction for matters relating to divorce, custody and property rights lying in the Court of Common Pleas, § 101, § 301 and § 1910.4 of Pa.R.C.P. require all actions of support to be brought in the Domestic Relations Section. The Constitution and accompanying schedule to the Judicial Article assigns that jurisdiction to the Family Court Divisions of the Court of Common Pleas of Philadelphia provides:

**Sched. Art. 5**

**§ 16**

(q) The court of common pleas through the family court division of the court of common pleas shall exercise jurisdiction in the following matters:

(i) Domestic Relations: desertion or nonsupport of wives, children and indigent parents, including children born out of wedlock; proceedings for custody of children; divorce and annulment and property matters relating thereto.

The Family Court Division has all the powers that can be exercised by a court of common pleas. The need to have all matters relating to family problems directed to this specialized division is obvious, particularly when there are different claims relating to the same issue, as is the case here. Obviously, the Family Division judge is equally competent to decide the action in assumpsit, if properly brought, relating to support, medical expenses and education, founded on contract law under a separation agreement, as he is to determine the same matters under statutory and common law, pursuant to a complaint in support.[1]

---

1. While, in *Hollman, supra,* we have limited our discussion to matters which sound in assumpsit, we do not mean to limit the application of our findings to that form of action. Many matters subject to separation agreements and domestic relations court proceedings are based in equity, as indicated here, and they are equally cognizable in Family Court Division as opposed to Civil Division proceedings.

■ The request of the court below, by letter dated March 14, 1986, to have the case remanded to the court below for further consideration, is denied, as consolidation of the equity (assumpsit) action with the support action pending in the family court, will provide an adequate review of all matters complained of. We are, however, remanding the case to the court below with directions that the complaint be transferred to Judge Rosenwald to be considered on its merits as an assumpsit matter with appropriate consideration being given to the effects, if any, of the pending support action.

Case remanded for further consideration consistent with this Opinion.

Jurisdiction relinquished.

WIEAND, J., files concurring and dissenting opinion.

WIEAND, Judge, concurring and dissenting:

Joni Magee filed a complaint in equity seeking to enforce against Richard Magee the terms and provisions of a separation agreement. Richard Magee, the defendant, filed preliminary objections raising questions of jurisdiction in which he alleged that the plaintiff had an adequate remedy at law. In response to these preliminary objections, the trial court dismissed the complaint. The plaintiff appealed.

The trial court's order was clearly erroneous and must be reversed.[1] Pa.R.C.P. 1509(c) provides as follows:

(c) The objection of the existence of a full, complete and adequate nonstatutory remedy at law shall be raised by preliminary objection. If the objection is sustained, the court shall certify the action to the law side of the court. If not so pleaded, the objection is waived.

This rule is controlling of the issue now before us. In accordance therewith, I would reverse the order dismissing the complaint and remand for further proceedings.

1. Even the trial judge has suggested that the case should be remanded for further consideration.

Having reached this conclusion, I find it unnecessary—and also inadvisable—to establish a general rule, as the majority appears to do, that "[t]he proper remedy to enforce a separation agreement is an action in assumpsit." (Opinion at p. 68). In some instances a money judgment may be an entirely inadequate remedy. Similarly, I do not join the majority's direction to the trial court to order consolidation of the assumpsit action with the support action pending in the Family Court Division. Consolidation of actions is discretionary with the trial court, see Pa.R.C.P. 213(a), and I would not attempt to advise the court in advance with respect to the manner in which that discretion should be exercised.