**Debra ZUVER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BROWNING FERRIS INDUSTRIES OF PA, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 12, 2000.

Decided July 5, 2000.

Thomas J. Graham, Washington, for petitioner.

Gary M. Scoulos, Pittsburgh, for respondent.

Before PELLEGRINI, J., FLAHERTY, J., and McCLOSKEY, Senior Judge.

PELLEGRINI, Judge.

Debra Zuver (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) reversing a Workers' Compensation Judge's (WCJ) decision that medical treatment was reasonable and necessary because the WCJ lacked subject matter jurisdiction under the Pennsylvania Workers' Compensation Act (Act)[1] to

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,*   77 P.S. §§ 1–1041.4.

make that determination as that matter had not first been the subject of utilization review.

Claimant worked as a paper sorter for Browning Ferris Industries of Pennsylvania (Employer) with duties consisting of picking trash off the end of a conveyor belt in Employer's recycling plant. Claimant developed problems with her right shoulder and after telling her supervisor that she might need therapy for her sore muscles, she reported to The Workplace for treatment. Employer transferred Claimant to a position on a baler machine that required less repetitive motion, and her hours were cut at the direction of The Workplace. After treating with The Workplace, Claimant sought the opinion of William Frost, Jr., M.D. (Dr. Frost) who removed her from work, and she began therapy five days a week under his care. On June 27, 1996, Claimant returned to work part-time on the baler machine with modified duties and an assistant, and has since returned to that position full time.[2] Claimant filed a claim petition seeking benefits for the time she was deemed totally or partially disabled as well as payments of her medical bills.

Regarding the medical bills in connection with this case and other litigation involved in this matter, the parties stipulated as follows:

### STIPULATION

AND NOW, come the parties to the above-captioned matter and hereby agree and stipulate to the following:

1. Currently pending before the Workers' Compensation Judge is a Petition for workers' Compensation benefits filed by Claimant with respect to an alleged injury occurring on February 14, 1996.

2. Concurrently pending before the Bureau of Workers' Compensation is an Application for fee review filed by William W. Frost, Jr., M.D. At issue with respect to Dr. Frost's Application for fee review is whether Browning Ferris properly denied bills for services submitted by William W. Frost, Jr., M.D. and Rehabilitation Medicines, P.C. on the basis of the self-referral prohibition contained within the Workers' Compensation Act.

3. The parties agree that with respect to Claimant's claim petition the Judge may properly decide the issue of whether the services provided by Dr. Frost are reasonable, necessary, and causally-related to the work injury. However, the parties agree that the Workers' Compensation Judge will not make any Finding of Fact or Conclusion of law with respect to the illegal referral issue, nor will she/he order Browning Ferris to pay the bills associated with the services provided by William W. Frost, Jr., M.D. and Rehabilitation Medicine, P.C. Rather, the question of Browning Ferris' ultimate obligation to pay bills of these providers will be determined by the Bureau pursuant to the pending Application for Fee review.[3]

After hearing testimony from a number of witnesses, both fact and medical, the WCJ found that Claimant sustained a compensable injury and awarded total disability benefits. However, the WCJ awarded partial disability benefits upon Claimant's return to part-time modified work, and

---

2. Claimant also presented the testimony and affidavits of Wendy Smith and Robert Serton regarding the duties of the baler machine operator.

3. Dr. Frost's fee review and this stipulation arose in the context of our decision in *Eighty–Four Mining Company v. Three Rivers Rehabilitation,* 688 A.2d 239 (Pa.Cmwlth.1997) holding that Dr. Frost's referrals to the rehabilitation center he was associated with violated the restrictions against self-referral under the Act. However, before Dr. Frost's application for fee review was heard in this matter, our Supreme Court reversed our decision. *Eighty–Four Mining Company v. Three Rivers Rehabilitation,* 554 Pa. 443, 721 A.2d 1061 (1998). The Employer then made medical payments to Dr. Frost in the amount of $80,-000.

suspended benefits as of her return to fulltime work on June 27, 1997, as well as finding that Dr. Frost's treatments were reasonable and necessary.[4]

In its appeal to the Board,[5] even though it entered a stipulation allowing the WCJ to decide the matter, the Employer argued that the WCJ exceeded his authority in finding Dr. Frost's medical treatment to be reasonable and necessary. Agreeing with the Employer and reversing, the Board concluded that Section 306(f.1)(6) of the Act[6] provides for the exclusive means of determining the reasonableness and necessity of medical treatments, and because the case did not first go to utilization review, the WCJ lacked jurisdiction in a claim proceeding to make these findings. Claimant then took the instant appeal.[7]

■ Claimant contends that the WCJ had authority to find Dr. Frost's medical treatment reasonable and necessary because Employer agreed to allow the WCJ to render that decision in the context of the claim petition, and thus has waived a contest to the reasonableness and necessi-

ty of this treatment. However, the Act provides that all disputes as to the reasonableness or necessity of treatment shall be resolved through the utilization review process under Section 306(f.1)(6). The parties cannot short-circuit the process by stipulating to have the WCJ decide this issue in a claim petition without first proceeding to utilization review. As with any issue going to the subject matter jurisdiction of an administrative tribunal to act, the parties cannot confer subject matter jurisdiction on a tribunal by agreement or stipulation. *Blackwell v. Com., State Ethics Commission,* 523 Pa. 347, 567 A.2d 630 (Pa.1989). *See also Magee v. Magee,* 360 Pa.Super. 66, 519 A.2d 994 (1987) (parties cannot confer jurisdiction on a court by their own action).

■ Because the Board correctly concluded the WCJ lacked jurisdiction to determine the reasonableness and necessity of Claimant's medical treatment and the parties could not confer subject matter jurisdiction on the WCJ, the Board's order is affirmed.

---

**4.** The WCJ also found Employer's contest unreasonable in part as to Claimant sustaining a work-related injury, and reasonable in part insofar as the extent of disability awarding one-half of the attorney's fees to be paid by Employer.

**5.** Both parties appealed the decision to the Board. In addition to the lack of the WCJ's lack of subject matter jurisdiction, Employer also argued that the WCJ erred in determining Employer's contest partially unreasonable. Claimant contends that the WCJ erred in awarding only fifty percent of the attorney's fees to be paid by Employer. The Board affirmed those aspects of the WCJ's decision and those issues have not been appealed.

**6.** Section 306(f.1)(6) of the Act, 77 P.S. § 531(6), provides in relevant part:

(6) Except in those cases in which a workers' compensation judge asks for an opinion from peer review under Section 420, disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:

(i) The reasonableness or necessity of all treatment provided by a health care provid-

er under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review. Organizations not authorized by the department may not engage in such utilization review.

Under this provision and its implementing regulations, a party seeking to challenge prospective, concurrent or retrospective medical treatment must first seek utilization review. 34 Pa.Code § 127.404(a).

**7.** Our scope of review in an appeal from the Board is to determine whether the necessary findings are supported by substantial evidence, errors of law were committed, or whether constitutional rights have been violated. *Central Highway Oil Company v. Workers' Compensation Appeal Board (Mahmod),* 729 A.2d 106 (Pa.Cmwlth.1999).

## ORDER

AND NOW, this 5th day of July, 2000, the order of the Workers' Compensation Appeal Board dated October 15, 1999, at No. A98–2295 is hereby affirmed.