**UNITED STATES STEEL CORP. f/k/a USX Corporation, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MARTIN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted April 30, 2004.

Decided June 18, 2004.

Publication Ordered June 29, 2004.

Reargument Denied Aug. 12, 2004.

Jill E. Ritchie, Pittsburgh, for petitioner.

John W. McIlvaine, Washington, for respondent.

BEFORE: FRIEDMAN, Judge, LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

United States Steel Corporation (Employer) petitions for review of the December 23, 2003, order of the Workers' Compensation Appeal Board (WCAB), which affirmed a workers' compensation judge's (WCJ) denial of Employer's petition to terminate compensation benefits. We affirm.

On March 9, 1987, Terry Martin (Claimant) sustained a work-related injury, and Employer issued a notice of compensation payable (NCP) accepting liability for a cervical strain. On December 1, 2000, Claimant filed a claim petition, alleging that he sustained a work-related injury to his shoulders and neck on January 16, 2000. Employer filed a timely answer denying the allegations and, on September 5, 2001, filed a petition to terminate or to suspend benefits, alleging that Claimant had fully recovered from his 1987 work-related injuries as of August 23, 2001. The claim petition and termination petition were consolidated and hearings were held before the WCJ, after which the WCJ denied both petitions.

In denying Employer's termination petition, the WCJ determined that Claimant had not fully recovered from his March 1987 work-related injury, and the WCJ ordered Employer to: "pay [ ] for all reasonable and necessary medical expenses [Claimant] has incurred and that he will incur in the future *due to his work-related injury of May 1987 [sic]*, including all reasonable and necessary medical expenses associated with cervical disc/fusion surgery Dr. Julian Bailes has recommended for [Claimant]." [1] (O.R., WCJ's decision) (emphasis added.) On appeal, the WCAB affirmed. Employer now petitions for review of the WCAB's order.[2]

1. Evidence was introduced that Julian Bailes, M.D., a neurosurgeon, recommended that Claimant undergo disc and fusion surgery involving his cervical spine.

2. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evi-

■ The sole issue before this court is Employer's argument that the WCJ erred as a matter of law by determining that Employer was responsible for all reasonable and necessary medical expenses associated with Claimant's cervical disc fusion surgery where that issue was not pending before the WCJ. Specifically, Employer asserts that where Claimant failed to file a claim or review petition, the WCJ erred in requiring Employer to pay for Claimant's surgery.

■ We believe Employer misinterprets the WCJ's decision, which concludes only that the surgery was *causally related to the March 1987 work-related injury,* and that Employer is responsible for paying all related reasonable and necessary medical expenses. *See Corcoran v. Workers' Compensation Appeal Board (Capital Cities/Times Leader),* 725 A.2d 868 (Pa. Cmwlth.1999) (stating that the issue of whether a claimant's medical treatment is *causally related* to a workplace injury must be decided by a WCJ). To the extent that the WCJ's order can be construed as ruling on the reasonableness or the necessity of the surgery, we conclude that this is harmless error.[3]

■ If Employer disputes the *reasonableness or necessity* of Claimant's medical treatment, Employer may seek relief in accordance with the exclusive and mandatory procedures set forth in the utilization review (UR) provisions of the Workers' Compensation Act.[4] Employer may petition for review of treatment at any time, and any alleged authorization to begin treatment would not preclude a subsequent UR review. *Seamon v. Workers' Compensation Appeal Board (Sarno & Son Formals),* 761 A.2d 1258 (Pa.Cmwlth. 2000) *appeal dismissed,* 572 Pa. 410, 816 A.2d 1096 (2003).

Accordingly, we affirm.

### ORDER

AND NOW, this 18th day of June, 2004, the December 23, 2003, order of the Workers' Compensation Appeal Board (WCAB) is hereby affirmed.

---

dence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

3. The WCJ lacks original subject matter jurisdiction over the issue of the reasonableness or necessity of medical treatment. *Martin v. Workers' Compensation Appeal Board (Red Rose Transit Authority),* 783 A.2d 384 (Pa. Cmwlth.2001), *appeal denied,* 568 Pa. 710, 796 A.2d 988 (2002).

4. Section 301(f.1)(6) of the Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. 531(6). That section states:

(6) ... disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:

(i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to *prospective, concurrent or retrospective utilization review* at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review. Organizations not authorized by the department may not engage in such utilization review.

77 P.S. 531(6) (emphasis added).