CVA, INC. and State Workers'
Insurance Fund,
Petitioners

v.

WORKERS' COMPENSATION
APPEAL BOARD (Riley),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 1, 2011.
Decided Oct. 14, 2011.

Edward C. Mintzer, Jr., Philadelphia, for petitioners.

Michael F. Hagstotz, Newtown, for respondent Charles Riley.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Judge LEAVITT.

CVA, Inc. and its insurer, the State Workers' Insurance Fund (collectively, Employer), petition for review of an adjudication of the Workers' Compensation

Appeal Board (Board) granting the penalty petition filed by Charles Riley (Claimant). In doing so, the Board affirmed the Workers' Compensation Judge's (WCJ) determination that Employer violated the Workers' Compensation Act [1] (Act) by unilaterally refusing to pay Claimant's medical bills. Finding no error, we affirm.

Claimant sustained a work-related injury on October 18, 2007, when he fell to the ground while getting out of his truck. Employer accepted liability for a left knee injury.[2] In March 2009, Claimant filed a penalty petition alleging that Employer violated the Act because it refused to pay Claimant's medical bills from Bristol Family Practice and Medical Center (Provider). Employer filed an answer denying the allegations.

The matter was assigned to a WCJ who held one hearing. Both parties appeared but no testimony was taken. The WCJ informed the parties that they had three months to submit their evidence and briefs, and then the record would be closed.

In support of his petition, Claimant submitted HCFA billing statements that were sent to Employer for numerous Therapeutic Magnetic Resonance (TMR) treatments administered from May 2008 to June 2009. Attached to the billing statements were medical reports documenting Claimant's condition and his response to the treatments. Claimant also offered denial letters from Employer. In some cases, Employer denied the bills for the stated reason that the "[d]ocumentation does not support charges as billed." Reproduced Record at 26a (R.R. ____). In other cases, Employer stated that "[d]ocumentation does not support billing of a radiology code." R.R. 54a. In yet other instances, Employer denied payment stating that "it has been determined that the current medical treatment is not causally related to the original accepted work injury." R.R. 64a. On February 19, 2009, Employer began changing the procedure codes on some submitted bills and paying a lesser amount, a process known as "downcoding."[3]

Employer objected to Claimant's documents as hearsay, but the WCJ overruled the objection. Employer also submitted a motion to dismiss the penalty petition, which was denied. Employer presented no evidence in defense of the penalty petition and did not submit a brief to the WCJ.

The WCJ found that Claimant's evidence showed that Provider treated Claimant for his left knee injury from May 12, 2008, through June 15, 2009. Medical treatment notes documenting Claimant's progress and receipt of TMR treatments and appropriate HCFA billing forms were forwarded to Employer for payment but denied. By February 2009, Employer began paying a lesser amount than Provider had billed on the basis of its downcoding.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708.

2. It is unclear how Employer accepted liability, as there is no notice of compensation payable or agreement for compensation in the record. However, Employer acknowledges that it recognized a work-related left knee injury.

3. A provider must submit a billing code for each medical treatment. An employer or insurer is permitted to change the code, *i.e.* downcoding, provided that it follows the proper procedure delineated in the Act and regulations. *Jaeger v. Bureau of Workers' Compensation Fee Review Hearing Office (American Casualty of Reading c/o CNA),* 24 A.3d 1097, 1101 (Pa.Cmwlth.2011). Here, instead of the requested $2,898 for each TMR treatment, Employer downcoded and paid between $46 and $47 per treatment. We note that Provider's requested price per treatment rose to $3,298 in April 2009.

The WCJ noted that Claimant was not seeking a penalty on the downcoded bills because the dispute over the amount of payment was between Provider and Employer and had to be resolved through the fee review process. However, the WCJ found that after February 2009, Employer had, without explanation, refused to pay some bills, even though the medical treatment remained the same. The total outstanding balance of unpaid medical bills was $140,876. The WCJ pointed out that Employer did not file a utilization review request or seek an independent medical examination or records review.

Based on these findings, the WCJ concluded that Employer violated the Act by unreasonably delaying payment of medical treatment, and he assessed a 50 percent penalty. The WCJ further concluded that Employer did not present a reasonable contest and awarded *quantum meruit* attorney's fees to Claimant's counsel. Employer appealed, and the Board affirmed. Employer then petitioned for this Court's review.[4]

On appeal, Employer argues that Claimant's penalty petition should have been denied because his documentary evidence was legally insufficient to prove a violation of the Act. Specifically, Employer asserts that Claimant's inadmissible hearsay evidence did not establish that the medical treatment at issue was causally connected to his work injury, let alone reasonable and necessary. Employer also contends that the WCJ violated Employer's due

process rights by denying it the right to present evidence. Finally, Employer argues that the WCJ assessed an excessive and disproportionate penalty.

In a penalty petition proceeding, the claimant has the burden of proving that a violation of the Act occurred. *Shuster v. Workers' Compensation Appeal Board (Pennsylvania Human Relations Commission)*, 745 A.2d 1282, 1288 (Pa. Cmwlth.2000). An employer is obligated to pay for reasonable medical expenses that are causally related to the work injury. *Listino v. Workmen's Compensation Appeal Board (INA Life Insurance Company)*, 659 A.2d 45, 47 (Pa.Cmwlth.1995). Under Section 306(f.1)(5) of the Act, 77 P.S. § 531(5), the employer must pay the claimant's medical bills within 30 days of receiving them, unless the employer disputes the reasonableness and necessity of the treatment.[5] If the employer believes that the treatment is not reasonable and necessary, it must submit the bills for a utilization review or face the possibility of a penalty. *Hough v. Workers' Compensation Appeal Board (AC & T Companies)*, 928 A.2d 1173, 1180 (Pa.Cmwlth.2007). In addition, if the employer refuses to pay bills because it believes they are not causally related to the work injury, the employer runs the risk of being assessed a penalty if the WCJ determines that they are, in fact, causally related. *Listino*, 659 A.2d at 48.

Employer argues that Claimant did not meet his burden of proving that a

---

4. This Court's review is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *City of Philadelphia v. Workers' Compensation Appeal Board (Brown)*, 830 A.2d 649, 653 n. 2 (Pa.Cmwlth.2003).

5. Section 306(f.1)(5) states, in relevant part, as follows:

All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of [the provider's] bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment....

77 P.S. § 531(5).

violation of the Act occurred. The only evidence submitted by Claimant was hearsay, *i.e.*, HCFA billing statements and reports. Employer contends that Claimant was required to present medical testimony, not just reports, to prove that the bills were causally related to his work injury.[6]

Section 422(c) of the Act, 77 P.S. § 835, allows the use of medical reports in any litigation involving 52 weeks or less of disability.[7] In those cases, the WCJ is permitted to base findings of fact on the information in the reports. That is what occurred here. The WCJ found that the TMR treatments were for Claimant's work injury, based on the information in the submitted medical reports.

■ Employer argues that Section 422(c) did not apply here because Claimant has been disabled by his work injury for longer than 52 weeks. Employer is mistaken. Section 422(c) applies where the issue is one of disability, *i.e.*, earnings loss. When, as here, the litigation involves medical expenses, medical reports are admissible regardless of the duration of the disability. *Montgomery Tank Lines v. Workers' Compensation Appeal Board (Humphries)*, 792 A.2d 6, 11 (Pa.Cmwlth. 2002). Thus, Claimant was not required to present medical testimony, and the WCJ properly relied upon medical reports.

We address Employer's next two arguments together because they are interrelated. Employer argues that Claimant failed to prove that the TMR treatment, which Employer considers a novel medical procedure, was reasonable and necessary or reasonable in cost. Employer also contends that Claimant failed to prove that this medical treatment was causally connected to his work injury because Claimant did not submit medical evidence that the treatment is "generally accepted" in the medical community.

Employer purports to object to the TMR treatment as not related to Claimant's work injury. However, Claimant injured his left knee and the TMR treatment was for the left knee injury. Thus, a causal relationship was established. *The Body Shop v. Workers' Compensation Appeal Board (Schanz)*, 720 A.2d 795, 799 (Pa.Cmwlth.1998). Employer expresses disdain for the TMR treatment, likening it to "shaman oriented drivel" and laments its high cost, approximately $3,000 per treatment. Employer's Brief at 21. These complaints are not relevant.

■ If an employer questions the reasonableness and necessity of medical treatment, the employer can submit the bills for a utilization review. *Hough*, 928 A.2d at 1180. The utilization review process is the sole means for determining if treatment is

---

6. Employer also suggests that Claimant was required to submit testimony that the bills were submitted to Employer on the proper forms and with the necessary medical documentation. We disagree. Employer clearly received the bills because it issued denials. Employer has never claimed that it did not pay the bills because it did not receive the proper forms or medical reports.

7. Section 422(c) was added by the Act of June 26, 1919, P.L. 642. It states, in relevant part, as follows:

Where any claim for compensation at issue before a workers' compensation judge involves fifty-two weeks or less of *disability*, either the employe or the employer may submit a certificate by any health care provider as to the history, examination, treatment, diagnosis, cause of the condition and extent of disability, if any, and sworn reports by other witnesses as to any other facts and such statements shall be admissible as evidence of medical and surgical or other matters therein stated and findings of fact may be based upon such certificates or such reports.

77 P.S. § 835 (emphasis added).

reasonable and necessary. *Zuver v. Workers' Compensation Appeal Board (Browning Ferris Industries of PA, Inc.)*, 755 A.2d 112, 114 (Pa.Cmwlth.2000). Unless bills have gone through utilization review, the WCJ has no jurisdiction to rule on their reasonableness and necessity. *Id.*

 Employer did not submit any of the bills for Claimant's TMR treatment to utilization review. Section 127.467 of the Medical Cost Containment Regulations requires that utilization reviewers "shall apply *generally accepted treatment protocols* as appropriate to the individual case before them." 34 Pa.Code § 127.467 (emphasis added). Thus, whether a particular treatment is generally accepted in the medical community is a matter to be determined through utilization review, not in a penalty proceeding. Employer was required to file a utilization review to address its objections to the treatment where Employer, not Claimant, bears the burden of proof.[8]

 Similarly, Employer's objections to the cost of the treatment are irrelevant. The codes and costs assigned to medical procedures must be decided in accordance with the fee review established in Section 306(f.1)(5) of the Act, 77 P.S. § 531(5).[9] The Bureau of Workers' Compensation, not workers' compensation judges, oversees fee reviews. *Enterprise Rent–A–Car v. Workers' Compensation Appeal Board (Clabaugh)*, 934 A.2d 124, 128 (Pa.Cmwlth. 2007). Claimant did not have to show that the cost of his TMR treatments was reasonable to make out his case for penalties.

Employer bristles at the notion that it had to file a petition when confronted with Claimant's large TMR invoices, believing, apparently, that it had no choice but to allow the bills to accumulate. However, Employer had several options. Employer could have filed a petition to review medical treatment if it believed the treatments were not for Claimant's work injury. If Employer questioned the reasonableness and necessity of the type of treatment or its frequency, it could have submitted the matter for utilization review. Employer also had a remedy for what it describes as its greatest concern, *i.e.*, the cost of the treatment.[10] As noted by the WCJ, Employer downcoded and paid a lesser amount for some of the TMR treatments, which took those bills beyond the penalty petition.[11] Ironically, if Employer had simply downcoded all of the bills, there would have been nothing on which to assess a penalty. Instead, Employer chose to do nothing in the face of mounting medical bills and, as a result, is now subject to a penalty.

 Next, Employer argues that it was denied due process because the WCJ's

---

**8.** The claimant has no burden of proof in a utilization review; rather, the employer bears the burden of proof throughout the utilization review process to prove that the disputed treatment is not reasonable and necessary. *Topps Chewing Gum v. Workers' Compensation Appeal Board (Wickizer)*, 710 A.2d 1256, 1260–61 (Pa.Cmwlth.1998).

**9.** Section 306(f.1)(5) provides, in relevant part, as follows:

A provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review with the department no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment.

77 P.S. § 531(5).

**10.** In its brief, Employer refers to the cost of the TMR treatments as "outlandish" and states that "one can see easily that the delay of payment was really tied to the mounting size of the billing presented." Employer's brief at 11.

**11.** A fee review petition was available to Provider to challenge the downcoding.

admission of Claimant's documents deprived Employer of the opportunity to confront and cross-examine witnesses. Employer also argues that the WCJ improperly denied it the right to present lay, medical and rebuttal witnesses.[12]

At the one and only hearing on April 6, 2009, the WCJ told the parties that their "briefs and evidence [were] due July 6, 2009" and then the record would close. Notes of Testimony, April 6, 2009, at 5.[13] Employer did not object to this procedure. On July 1st Claimant submitted his documentary evidence. We have already determined that the documents were admissible because medical reports can be used to establish causation for medical compensation benefits. Employer waited until July 6, 2009, the due date for submission of its evidence, to send a letter to the WCJ stating that it never agreed to the submission of records alone and that it wished "to present possible rebuttal evidence." R.R. 227a. Employer was given an opportunity to submit whatever relevant evidence it wished, but it simply did not meet the deadline and, then, chose not to submit a brief to the WCJ. In any case, the evidence Employer wished to submit was medical testimony concerning the reason-ableness and necessity of TMR treatment, which, as explained, was not relevant in a penalty proceeding.

■ Finally, Employer argues that the 50 percent penalty assessed by the WCJ is excessive and disproportionate. Employer contends that the WCJ erred by assessing what amounts to punitive damages without conducting a hearing to consider the principles of deterrence, retribution, proportionality, reprehensibility and excessiveness. Employer did not raise this issue before the Board; therefore, it is waived. *See Myers v. Workers' Compensation Appeal Board (Family Heritage Restaurant)*, 728 A.2d 1021, 1023 (Pa.Cmwlth.1999) (explaining that the "law is well settled that issues not raised before the Board are waived and cannot be raised for the first time before this Court").

■ Even if not waived, this argument lacks merit. Under Section 435(d)(i) of the Act, 77 P.S. § 991(d)(i), the WCJ is empowered to assess a penalty of up to 50 percent for violations of the Act involving "unreasonable or excessive delays."[14] Here, the WCJ found that the delay resulting from Employer's refusal to pay Claimant's medical bills was unreasonable

---

12. The admission of evidence is a matter within the sound discretion of the WCJ. *Washington v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania State Police)*, 11 A.3d 48, 59 (Pa.Cmwlth.2011).

13. This is in keeping with Section 131.52(b) of the Special Rules of Administrative Practice and Procedure Before Workers' Compensation Judges, which specifies that the "hearing process chosen in any specific case ... is within the discretion of the [WCJ]" and that the WCJ is to establish at the initial hearing "[s]pecific deadlines for the presentation of evidence by the parties." 34 Pa.Code § 131.52(b).

14. Section 435(d)(i) was added by the Act of February 8, 1972, P.L. 25. It states, in relevant part, as follows:

The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:
(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That *such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays.* Such penalty shall be payable to the same persons to whom the compensation is payable.
77 P.S. § 991(d)(i) (emphasis added).

and excessive, and opted in his discretion to assess a 50 percent penalty. The WCJ acted as permitted by the Act and was not required to consider any other factors in assessing the penalty.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 14th day of October, 2011, the order of the Workers' Compensation Appeal Board dated November 16, 2010, in the above captioned matter is hereby AFFIRMED.