IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald Patterson,                       :
                          Petitioner    :
                                        :
            v.                          :   No. 1190 C.D. 2021
                                        :   Submitted: February 10, 2023
Transfer VFD (Workers'                  :
Compensation Appeal Board),             :
                          Respondent    :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                      FILED: May 17, 2023


        Donald Patterson (Claimant) has petitioned this Court to review an
adjudication of the Workers' Compensation Appeal Board (Board), affirming the
decision of the Workers' Compensation Judge (WCJ). The WCJ granted Claimant's
claim petition for medical benefits under the Workers' Compensation Act (the Act).[1]
However, finding that Claimant has since fully recovered from his disability, the
WCJ also granted the petition to terminate benefits filed by Transfer VFD
(Employer). On appeal, Claimant seeks a remand to clarify Employer's
responsibility concerning the payment of medical benefits. Upon review, we affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

On November 1, 2016, while working for Employer as a volunteer firefighter, Claimant suffered an injury responding to an emergency call.[3] Employer did not accept the injury, and so Claimant filed a claim petition, seeking total disability benefits, medical benefits, and counsel fees. Employer responded with a termination petition, asserting that Claimant had fully recovered from any work-related injury. While litigating his petition, Claimant documented $7,905.41 in medical bills covered by his Medicare insurer through a lien statement issued by Equian LLC. He documented no additional outstanding or unpaid medical expenses. Additionally, medical experts from both Claimant and Employer agreed that Claimant had fully recovered from his injuries as of December 13, 2017.

The WCJ granted Claimant's petition as to medical benefits and granted Employer's termination petition. The WCJ ordered Employer to reimburse Equian for the $7,905.41 in medical bills. Otherwise, the WCJ awarded no disability benefits, costs, or fees.

Employer did not challenge this decision, but Claimant timely appealed to the Board, seeking a remand for clarification that Employer was "responsible for the payment of all reasonable, necessary[,] and causally related medical expenses for the applicable period of November 1, 2016[,] through December 12, 2017."

---

[2] Unless stated otherwise, we adopt the factual background for this case from the initial decision of the WCJ, which is supported by substantial evidence of record. *See* WCJ's Dec., 12/21/20.

[3] Claimant sustained a right great toe distal phalanx fracture with infection and cellulitis. *See* WCJ's Dec., 12/21/20, at 5.

Claimant's Appeal, 1/8/21, at 3 (unpaginated). The Board affirmed, and Claimant timely petitioned this Court for review.[4, 5]

## II. ISSUES

Claimant asserts that the Board erred in stating that Claimant had not alleged any unpaid medical expenses and seeks a remand with instructions that the WCJ clarify Employer's responsibility to pay Claimant's medical expenses. *See* Claimant's Br. at 9-11.[6]

## III. DISCUSSION

Section 306(f.1)(1)(i) of the Act obligates employers to pay reasonable and necessary medical services causally related to treatment for a work injury. *See* 77 P.S. § 531(1)(i); *CVA, Inc. v. Workers' Comp. Appeal Bd. (Riley)*, 29 A.3d 1224, 1227 (Pa. Cmwlth. 2011). To seek payment of medical expenses, a claimant must submit evidence of medical bills while the record remains open. *William Penn Sch. Dist. v. Workers' Comp. Appeal Bd. (Westerman)*, 717 A.2d 589, 593 (Pa. Cmwlth. 1998). An employer is not liable to pay medical bills submitted by a claimant after the record is closed. *Id*.

---

[4] During the pendency of Claimant's appeal to the Board, the WCJ purported to issue an amended decision that included the specific language requested by Claimant. *See* WCJ's Am. Dec., 1/12/21. The WCJ lacked authority to do so; thus, the amended decision constitutes a nullity. *See* Pa. R.A.P. 1701(a).

[5] Our review is limited to determining whether an error of law was committed, constitutional rights were violated, and necessary findings of fact are supported by substantial evidence. *Montano v. Advance Stores Co., Inc. (Workers' Comp. Appeal Bd.)*, 278 A.3d 969, 976 n.3 (Pa. Cmwlth. 2022).

[6] Claimant's argument is unclear, underdeveloped, and lacks citation to any legal authority whatsoever, therefore risking waiver. *See* Pa. R.A.P. 2119(a). Further, it is unclear from Claimant's argument whether Claimant has been aggrieved in any meaningful way by the Board's adjudication. *See* Pa. R.A.P. 501. We consider Claimant's appeal to the extent there remains any lingering confusion or concern that the WCJ's decision did not fully award those medical benefits proven by Claimant.

3

Here, Claimant sought reimbursement of those medical bills paid on his behalf by Equian, totaling $7,905.41. *See* Notes of Testimony (N.T.) Hr'g, 1/9/20, at 7 (admitting without objection Claimant's Ex. C-4 ("Equian Lien")); WCJ's Dec., 12/21/20, at 4. Based on this evidence, the WCJ directed Employer to reimburse Equian for the amount of the lien. *See* WCJ's Dec., 12/21/20, at 5-6. Claimant did not submit any additional evidence of medical expenses, either paid or unpaid. *Id*., Finding of Fact, at 9. Thus, Employer's financial obligation is limited to the $7,905.41 lien. *See* 306(f.1)(1)(i) of the Act, 77 P.S. § 531(1)(i); *Riley*, 29 A.3d at 1227. Employer is not obligated to pay any additional medical expenses. *See* *Westerman*, 717 A.2d at 593.

Further, a remand for the WCJ to amend the operative language in his decision is unnecessary. The WCJ determined that the Equian lien represented treatment causally related to Claimant's injury and ordered Employer to reimburse Equian. *See* WCJ's Dec., 12/21/20, at 5-6. Employer has not appealed the WCJ's decision. Thus, Employer is required to reimburse Equian for its lien in the amount of $7,905.41.[7] *Id*. at 6.

For these reasons, we affirm the Board's adjudication.



LORI A. DUMAS, Judge

---

[7] The reasonableness or necessity of Claimant's medical treatment is not at issue. Section 306(f.1)(1)(i) of the Act requires an employer to pay reasonable and necessary medical expenses associated with the work-related injury. *See* 77 P.S. § 531(1)(i). If an employer questions the reasonableness or necessity of medical treatment, it may submit a bill for utilization review. *See* Section 306(f.1)(6) of the Act, 77 P.S. § 531(6); *U.S. Steel Corp. v. Workers' Comp. Appeal Bd. (Martin)*, 853 A.2d 1087, 1089 (Pa. Cmwlth. 2004). Employer has not done so in this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald Patterson,               :
            Petitioner     :
                           :
         v.                  :    No. 1190 C.D. 2021
                           :
Transfer VFD (Workers'       :
Compensation Appeal Board),    :
           Respondent    :

# **O R D E R**

AND NOW, this 17th day of May, 2023, the order of the Workers' Compensation Appeal Board, entered September 29, 2021, is AFFIRMED.

 

                         _____
                         LORI A. DUMAS, Judge