Pennsylvania Liquor Control Board,   :
                  Petitioner   :
                          :
          v.                :
                          :
3B Pain Management (Bureau of   :
Workers' Compensation Fee Review  :
Hearing Office),             :   No. 1024 C.D. 2022
                Respondent   :   Submitted:  October 10, 2023

BEFORE:   HONORABLE ANNE E. COVEY, Judge
            HONORABLE LORI A. DUMAS, Judge
            HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                      FILED:  December 4, 2023

        The Pennsylvania Liquor Control Board (Employer) petitions this Court for review of the Bureau of Workers' Compensation (Bureau) Medical Fee Review Hearing Office's (Hearing Office) August 26, 2022 decision.  Therein, the appointed hearing officer (Hearing Officer) determined that 3B Pain Management (Provider) is entitled to reimbursement for treatment provided to Amato Berardi (Claimant) for fee review applications: MF-617470 (Date of Service (DOS) 6/3/2021), MF-618287 (DOS 6/9/2021), MF-618673 (DOS 6/24/2021 to 6/30/2021), MF-619640 (DOS 7/7/2021), MF-620322 (DOS 7/29/2021), MF-620634 (DOS 8/19/2021), and MF-624846 (DOS 10/7/2021).[1]  Employer presents

---

[1] *See* Section 127.261 of the Bureau's Regulations, which provides: "The hearing officer will issue a written decision and order within 90 days following the close of the record.  The decision will include all relevant findings and conclusions, and state the rationale for the fee review adjudication."  34 Pa. Code §127.261.

one issue for this Court's review: whether the Hearing Officer erred by ruling that Employer was liable for payment of Claimant's medical and chiropractic treatment. After review, this Court affirms.

On June 29, 2019, while employed as a clerk in Employer's Wine & Spirits Store, Claimant fell in the parking lot outside Employer's store. On August 1, 2019, Claimant filed a claim petition (Claim Petition) under the Workers' Compensation (WC) Act (Act),[2] alleging that he sustained an injury in the course and scope of his employment. Employer denied Claimant's material allegations. On March 9, 2021, WC Judge (WCJ) Debra Bowers (WCJ Bowers) granted the Claim Petition, describing Claimant's injury as a "meniscal tear of the right knee and chondromalacia of the femoral and tibial condyle of the right knee." Reproduced Record at 14a. On December 16, 2021, the WC Appeal Board (Board) affirmed WCJ Bowers' decision.[3]

Provider's employee, Gina Giacoponello, D.C., administered chiropractic treatment to Claimant on at least eight occasions from June 3, 2021 through October 7, 2021. This treatment consisted of spinal manipulation relating to low back pain, manipulation of Claimant's knees and his right hip for pain, low level laser treatment on his right knee, and therapeutic massage for unidentified muscle spasms. Provider billed Employer's third-party administrator Inservco Insurance Services, Inc. (Inservco) for this treatment as it related to Claimant's work injury. Provider submitted seven invoices to Inservco totaling $3,185.00. Inservco denied payment for a large part of these invoices on the basis that the procedure codes were not valid reimbursable codes and/or were invalid for reimbursement under the Act.

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[3] The Board remanded the matter to WCJ Bowers to make specific findings regarding the terms and intent of a fee agreement between Claimant and his counsel, but affirmed WCJ Bowers' decision in all other respects. Board Order, 12/16/2021.

Provider filed a fee review application for each invoice, and the Bureau's Medical Fee Review Section (Fee Review Section) determined that the amount owed for each invoice was $0. Provider contested the fee review determinations, and the Hearing Office assigned the Hearing Officer to conduct hearings. At the hearings, Inservco argued that Provider's invoices were for treatments to Claimant's right knee, left knee, left hip, and back, which were not related to Claimant's accepted work injury. In support of its argument, Inservco presented WCJ Bowers' and the Board's decisions. Provider asserted that, because Inservco's denials were based on a lack of causal relationship between the treatment and the work injury, Inservco was required to seek utilization review (UR). Provider contended that, because Inservco did not do so, the invoices were payable.

On August 26, 2022, the Hearing Officer determined that Provider was entitled to reimbursement for all of the treatment it provided to Claimant because Employer/Inservco had neither sought UR of Provider's treatment, nor filed a review petition related to said treatment. The Hearing Officer ruled that Provider submitted the proper billing to Inservco and that a denial based upon causal relatedness was not appropriate. On September 26, 2022, Employer appealed to this Court.[4, 5]

Employer contends that the Hearing Officer erred by ruling that Employer was liable for the payment of medical and chiropractic treatment for

---

[4] Employer thereafter sought supersedeas before the Hearing Officer, but the Hearing Officer indicated that his office does not respond to supersedeas requests. Accordingly, Employer filed a Petition for Supersedeas in this Court. By March 23, 2023 Order, this Court denied Employer's Petition for Supersedeas.

[5] Our review in medical fee review cases determines whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact were supported by substantial evidence. Regarding questions of law, our scope of review is plenary and our standard of review is *de novo*.
*Workers' First Pharmacy Servs., LLC v. Bureau of Workers' Comp. Fee Rev. Hearing Off. (Gallagher Bassett Servs.)*, 225 A.3d 613, 616 n.3 (Pa. Cmwlth. 2020) (citation omitted).

3

Claimant's left knee, left and/or right hip, and low back. Specifically, Employer argues that the burden of proving that the treatment at issue is causally connected to the work injury falls upon the employee, and although the Act requires that payments for treatment be paid within 30 days of receipt, this payment requirement is only triggered if the bills are connected with the work-related injury. Employer cites Section 127.255 of the Bureau's Regulations, 34 Pa. Code § 127.255, to support its position.[6]

> Initially, Section 306(f.1)(5)-(6)(i) of the Act provides, in relevant part:
>
> (5) The employer or insurer shall make payment and providers shall submit bills and records in accordance with the provisions of this section. **All payments to providers for treatment provided pursuant to this [A]ct shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6)**. . . .
>
> (6) Except in those cases in which a [WCJ] asks for an opinion from peer review under [S]ection 420[(a) and (b) of the Act, 77 P.S. §§ 831-832], disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:

---

[6] Section 127.255 of the Bureau's Regulations states:

> The Bureau will return applications for fee review prematurely filed by providers when one of the following exists:
>
> > (1) The insurer denies liability for the alleged work injury.
> >
> > (2) The insurer has filed a request for [UR] of the treatment under Subchapter C (relating to medical treatment review).
> >
> > (3) The 30-day period allowed for payment has not yet elapsed, as computed under [Section] 127.208 [of the Bureau's Regulations, 34 Pa. Code § 127.208,] (relating to time for payment of medical bills).

34 Pa. Code § 127.255.

> (i) **The reasonableness or necessity of all treatment provided by a health care provider under this [A]ct may be subject to prospective**, **concurrent or retrospective [UR] at the request of an employe**, **employer or insurer**. . . .

77 P.S. § 531(5)-(6)(i) (emphasis added).

> The Pennsylvania Supreme Court has explained:

> [T]he Act mandates that employers or insurers pay providers within 30 days of the receipt of bills; however, that obligation is, at least temporarily, eliminated if employers or insurers dispute the reasonableness or necessity of the treatment at issue. [*See* 77 P.S. § 531(5)] ("All payments to providers for treatment provided pursuant to this [A]ct shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6)[, which addresses UR].").  In other words, **if an employer or insurer triggers the UR mechanism for challenging the reasonableness or necessity of treatment**, then the **employer or insurer is not obligated to pay for the treatment unless the UR results in a determination that the treatment at issue was reasonable and necessary**.

*Keystone Rx LLC v. Bureau of Workers' Comp. Fee Rev. Hearing Off.*, 265 A.3d 322, 332 (Pa. 2021) (emphasis added); *see also UPMC Benefit Mgmt. Servs. v. United Pharmacy Servs. (Bureau of Workers' Comp. Fee Rev. Hearing Off.)*, 287 A.3d 474, 480 (Pa. Cmwlth. 2022) (quoting *CVA, Inc. v. Workers' Comp. Appeal Bd. (Riley)*, 29 A.3d 1224, 1227 (Pa. Cmwlth. 2011) (footnote omitted)) ("[T]he employer must pay the claimant's medical bills within 30 days of receiving them, unless the employer disputes the reasonableness and necessity of the treatment.  If the employer believes that the treatment is not reasonable and necessary, it must submit the bills for a [UR] or face the possibility of a penalty.").

"Pursuant to Section 306(f.1)(5) of the Act, **the permitted focus of the fee review process is the <u>amount</u> and/or <u>timeliness</u> of the payment from the**

5

**employer or insurer**." *Phila. Surgery Ctr. v. Excalibur Ins. Mgmt. Servs., LLC (Bureau of Workers' Comp. Fee Rev. Hearing Off.)*, 289 A.3d 157, 161 (Pa. Cmwlth. 2023) (bold and underline emphasis added); *see also Armour Pharmacy v. Bureau of Workers' Comp. Fee Rev. Hearing Off. (Wegman's Food Mkts., Inc.)*, 206 A.3d 660, 670 (Pa. Cmwlth. 2019) ("[T]he [] Fee Review Section['s] . . . responsibility is solely administrative. Its inquiry is limited to the timeliness of the employer's payment (or denial) and the correct amount of reimbursement owed to the provider. [*See* Section 127.252 of the Bureau's Regulations,] 34 Pa. Code § 127.252.").

"Clearly, **the fee review process presupposes that liability has been established**, **either by voluntary acceptance by the employer or a determination by a** [**WCJ**]." *Cath. Health Initiatives v. Heath Fam. Chiropractic*, 720 A.2d 509, 511 (Pa. Cmwlth. 1998) (emphasis added). Here, WCJ Bowers ruled that Employer was liable for Claimant's work injury. This Court has explained:

> [O]nce liability for a work injury has been established, the employer may file a modification petition to change the scope of the accepted injury or it can seek [UR], which stays the 30-day deadline to pay a provider's invoice. A claimant "may be under treatment for an array of medical problems, only some of which relate to the work injury. **It is for the** [**UR**] [**o**]**rganization to sort this out**." [*Workers' First Pharmacy Servs., LLC v. Bureau of Workers' Comp. Fee Rev., Hearing Off. (Gallagher Bassett Servs.)*, 225 A.3d 613,] 620-21 [(Pa. Cmwlth. 2020)]. Stated otherwise, if the [treatment] was prescribed for a medical problem that is not work-related, "*a fortiori* it is not reasonable or necessary for treatment of [the] accepted work injury." *Id*. at 621.

*Omni Pharmacy Servs., LLC v. Bureau of Workers' Comp. Fee Rev. Hearing Off. (Am. Interstate Ins. Co.)*, 241 A.3d 1273, 1278 (Pa. Cmwlth. 2020) (emphasis added).

In *State Workers' Insurance Fund v. Harburg Medical Sales Co. (Bureau of Workers' Compensation Fee Review Hearing Office)*, 287 A.3d 981 (Pa. Cmwlth. 2022) (*Harburg*), this Court affirmed the Hearing Office's decision reversing a Fee Review Section determination that concluded the State Workers' Insurance Fund (Fund) was not liable to provide reimbursement to a medical supply company for a claimant's mattress overlay. Therein, the claimant suffered a work-related injury for which the employer issued a notice of compensation payable accepting various injuries. Although the Fund reimbursed the supplier for various supplies and equipment, it denied reimbursement for the mattress overlay on the basis that medical documentation was required showing the mattress overlay's relationship to the accepted work injury. The supplier submitted a fee review application to the Fee Review Section, which thereafter determined that the Fund was not required to pay for the mattress overlay because it was not properly billed. The supplier requested a hearing, following which the supplier argued that the Fund should have sought UR before withholding payment based on causal relatedness. The Hearing Officer reversed the Fee Review Section's decision and ordered the Fund to pay the supplier for the mattress overlay.

The *Harburg* Court held:

> [The Fund] was obligated to seek [UR] to dispute liability for [the c]laimant's treatment in order to render [the supplier's] fee review application premature, because [the Fund's] "defense" that the prescribed mattress overlay was not related to [the c]laimant's work injury was "just another way of stating that [it] was not a reasonable or necessary 'procedure' for treating [the c]laimant's 'diagnosis[.]'" *Workers' First*, 225 A.3d at 620-21; *see also Omni*, 241 A.3d at 1275[,] 1278.

*Harburg*, 287 A.3d at 994.

Here, Employer's claim "that the [disputed treatment] was not related to Claimant's work injury 'was just another way of stating that [it] was not a reasonable or necessary 'procedure' for treating Claimant's 'diagnosis[.]'" *Id.* Employer "was obligated to seek [UR] to dispute liability for Claimant's treatment" and it did not do so. *Id.* Accordingly, the Hearing Officer properly determined that Provider was entitled to reimbursement for all of the treatment it provided to Claimant.

For all of the above reasons, this Court affirms the Hearing Office's decision.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Liquor Control Board, :
                Petitioner :
                 :
         v. :
                 :
3B Pain Management (Bureau of :
Workers' Compensation Fee Review :
Hearing Office), :    No. 1024 C.D. 2022
             Respondent :

# O R D E R

AND NOW, this 4th day of December, 2023, the Bureau of Workers' Compensation Fee Review Hearing Office's August 26, 2022 decision is affirmed.

_____
ANNE E. COVEY, Judge